Steven J. Mandelsberg, Esq. (SM-3169)
Gregory P. Kochansky, Esq. (GK-8636)
Hahn & Hessen LLP
488 Madison Avenue
New York, New York 10022
Tel.: (212) 478-7200
Fax: (212) 478-7400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

NEW STREAM COMMERCIAL FINANCE, LLC,

                Plaintiff,

- against -

HARVEY ELECTRONICS, INC.,

                Defendant.
------------------------------------------------------------------x

Civil Action No.
07-Civ-09432 (RMB)

**REPLY TO THE COUNTERCLAIMS OF DEFENDANT HARVEY ELECTRONICS, INC.**

      Plaintiff New Stream Commercial Finance, LLC ("New Stream"), for its Reply to the Counterclaims contained in the Answer and Counterclaims of Defendant Harvey Electronics, Inc. (the "Counterclaims"), states as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

      2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, except admits that Defendant Harvey Electronics, Inc. ("Harvey") approached Plaintiff New Stream in or about March of 2007 about the possibility of providing debt financing to Defendant Harvey's planned acquisition of Myer-Emco, Inc.

      3.     Denies the allegations in Paragraph 51, except admits that Plaintiff New Stream represented to Defendant Harvey the amount of assets under its management and that it was

prepared to complete financing on a prompt basis (as it had done with respect to financings closed during 2007 for other institutions) *provided* that Defendant Harvey satisfied all conditions precedent that were set forth in any agreements between the parties, including those pertaining to minimum excess capital requirements.

4. Denies the allegations in Paragraph 52, except admits that, prior to April 20, 2007, Defendant Harvey provided a $35,000.00 deposit against expenses; that New Stream and its outside counsel reviewed documentation supplied by Defendant Harvey and Myer-Emco, Inc.; and that Plaintiff New Stream advised Defendant Harvey that its credit committee had approved execution of the April 20 Commitment Letter Agreement so that due diligence could proceed regarding the provision to Defendant Harvey of a Senior Credit Facility in the amount of $9,000,000.00 in connection with the acquisition of Myer-Emco, Inc.

5. Denies the allegations in Paragraph 53, except admits that Plaintiff New Stream and Defendant Harvey executed the April 20, 2007 Commitment Letter Agreement and that Plaintiff New Stream represented that it could close the contemplated financing promptly, *provided* that Defendant Harvey satisfied all conditions precedent, including those pertaining to minimum excess capital requirements.

6. Denies the allegations in Paragraph 54, except admits that Defendant Harvey signed the April 20, 2007 Commitment Letter Agreement and that Defendant Harvey made an underwriting deposit in the amount of $75,000.00 on or about July 19, 2007.

7. Denies the allegations in Paragraph 55, except admits that, in early June 2007, after the Myer-Emco transaction was delayed and failed to occur through no action or omission of Plaintiff New Stream, Plaintiff New Stream offered to enter into a new commitment letter agreement with Defendant Harvey to provide a Senior Credit Facility on a stand-alone basis in

the amount of $7,500,000.00 as part of a financing transaction to be consummated on or about June 29, 2007.

8.  Denies the allegations in Paragraph 56, except admits that Plaintiff New Stream had conducted necessary due diligence; that Defendant Harvey had represented to Plaintiff New Stream on multiple occasions that Defendant Harvey had already obtained a commitment for an equity infusion from its existing investors; and that Plaintiff New Stream represented to Defendant Harvey that it could close the contemplated financing as quickly as Defendant Harvey wanted, *provided* that Defendant Harvey satisfied all conditions precedent, including those pertaining to minimum excess capital requirements.

9.  Denies the allegations in Paragraph 57, except admits that Plaintiff New Stream and Defendant Harvey executed the June 18, 2007 Commitment Letter Agreement (together with the April 20, 2007 Commitment Letter Agreement, the "Agreements").

10. Denies the allegations in Paragraph 58, except admits that Defendant Harvey provided requested information and documentation to Plaintiff New Stream; that this information and documentation was not always provided on a timely basis; that the documentation contained mathematical errors; and that none of the documentation ever demonstrated that Defendant Harvey had met the minimum excess capital requirements that were a condition precedent to consummating the contemplated financing.

11. Denies the allegations in Paragraph 59.

12. Denies the allegations in Paragraph 60, except admits that Defendant Harvey acknowledged to Plaintiff New Stream that it was undercapitalized and that its financial condition was deteriorating rapidly; that in or about July, 2007 Defendant Harvey sought to alter the material terms of the June 18, 2007 Commitment Letter Agreement to permit Defendant

Harvey to meet the excess capital requirement in September, 2007 – two months *after* the contemplated funding was to have closed; that Plaintiff New Stream refused this request; that Defendant Harvey's Chief Executive Officer, Michael E. Recca, subsequently arrived, unannounced, at Plaintiff New Stream's offices to reiterate Defendant Harvey' request directly to James McKay, Plaintiff New Stream's President; that Mr. McKay reiterated Plaintiff New Stream's rejection of Mr. Recca's request; and that Plaintiff New Stream further represented to Defendant Harvey that, while willing to continue working toward consummating the financing, it would not incur any additional expenses unless and until Defendant Harvey made an additional advance toward the substantial expenses that Plaintiff New Stream had already incurred under the Agreements.

13. Denies the allegations in Paragraph 61, except admits that Defendant Harvey made an underwriting deposit in the amount of $75,000.00 on July 30, 2007.

14. Denies the allegations in Paragraph 62.

15. Denies the allegations in Paragraph 63.

16. Denies the allegations in Paragraph 64.

17. Denies the allegations in Paragraph 65.

18. Denies the allegations in Paragraph 66.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

### Reply to Defendant Harvey's First Counterclaim
**(Breach of Contract)**

20. Denies the allegations in Paragraph 68, except to the extent that the allegations state conclusions of law as to which no response is required.

### Reply to Defendant Harvey's Second Counterclaim
### (Unjust Enrichment)

21.     Denies the allegations in Paragraph 69, except to the extent that the allegations state conclusions of law as to which no response is required, and admits that Defendant Harvey made $175,000.00 in underwriting deposits pursuant to the Agreements.

22.     The allegations in Paragraph 70 state conclusions of law as to which no response is required.

### Reply to Defendant Harvey's Third Counterclaim
### (Fraud)

23.     Denies the allegations in Paragraph 71, except admits that Defendant Harvey signed the June 18, 2007 Commitment Letter Agreement, which expressly prohibited Harvey from discussing or soliciting any competing financing proposal or offer or from entering into any agreement relating to any senior debt financings unless and until the Agreements are terminated by Plaintiff New Stream.

24.     Denies the allegations in Paragraph 72, except admits that Plaintiff New Stream received the $75,000.00 underwriting deposit on or about July 19, 2007.

25.     Denies the allegations in Paragraph 73-A, except admits that Plaintiff New Stream received the $65,000.00 underwriting deposit on July 30, 2007.[1]

26.     Denies the allegations in Paragraph 73-B, except to the extent that the allegations state conclusions of law as to which no response is required.

### Reply to Defendant Harvey's Fourth Counterclaim
### (Anticipatory Breach)

27. Denies the allegations in Paragraph 74, except to the extent that the allegations state conclusions of law as to which no response is required.

28. Denies the allegations in Paragraph 75, except to the extent that the allegations state conclusions of law as to which no response is required.

### First Affirmative Defense

29. The Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

30. Defendant Harvey has unclean hands.

### Third Affirmative Defense

31. By the express terms of the Agreements, Defendant Harvey agreed to the following provisions, which appeared in bold type, at page 2:

> THIS COMMITMENT LETTER MAY NOT BE CONTRADICTED BY EVIDENCE OF ANY ACTUAL OR ALLEGED PRIOR, CONTEMPORANEOUS OR SUBSEQUENT UNDERSTANDINGS OR AGREEMENTS OF THE PARTIES, WRITTEN OR ORAL, EXPRESS OR IMPLIED, OTHER THAN A WRITING WHICH EXPRESSLY AMENDS OR SUPERSEDES THIS COMMITMENT LETTER.  ALL OTHER WRITINGS PRIOR TO THE DATE HEREOF ARE NULL AND VOID AND OF NO EFFECT.  THERE ARE NO UNWRITTEN ORAL UNDERSTANDINGS OR AGREEMENTS BETWEEN THE PARTIES.

32. Accordingly, the Counterclaims are barred in whole or in part by the Agreements.

### Fourth Affirmative Defense

33. By the express terms of the Agreements, Defendant Harvey agreed that "[u]nder no circumstances shall [Plaintiff New Stream] or any of its subsidiaries or affiliates be liable for

---

[1] Defendant Harvey's Answer and Counterclaims contains two paragraphs that are numbered 73. For the sake of clarity, the first of these paragraphs is referred to herein as "Paragraph 73-A." The second of these paragraphs is referred to herein as "Paragraph 73-B."

any punitive, exemplary, consequential or indirect damages which may be alleged to result from this Commitment Letter, the Financing, any transactions contemplated thereby, or any other financing." (The Agreements, at p. 2.)

34. Accordingly, the Counterclaims are barred by the Agreements.

### Fifth Affirmative Defense

35. The Counterclaims are barred by the defense of waiver.

### Sixth Affirmative Defense

36. The Counterclaims are barred by the doctrine of estoppel.

### Seventh Affirmative Defense

37. Pursuant to the express terms of the Agreements, Defendant Harvey agreed that Plaintiff New Stream "may decline to provide the Financing" if through its "due diligence or otherwise" it obtains information which it believes "has had or could have a material adverse effect" on Defendant Harvey.

38. Defendant Harvey was unable to meet the "minimum excess availability" requirements under either of the Agreements.

39. Plaintiff New Stream obtained information which it believed "has had or could have a material adverse effect" on Defendant Harvey.

40. Any refusal on the part of Plaintiff New Stream to extend financing would have been justified and in accordance with the terms of the Agreements.

41. Accordingly, the Counterclaims are barred by the Agreements.

### Eighth Affirmative Defense

42. The Counterclaims are barred in whole or in part by the Parol Evidence Rule.

### Ninth Affirmative Defense

43.     Plaintiff New Stream acted in good faith and did not breach any duty it owed to Counterclaim Defendant Harvey under the Agreements.

44.     Accordingly, Defendant Harvey's First Counterclaim, for breach of contract, is barred.

### Tenth Affirmative Defense

45.     By the express terms of the Agreements, Plaintiff New Stream's financing commitment was "subject to the execution and delivery of the final legal documents acceptable to [Plaintiff New Stream] and its counsel, the satisfactory completion of its legal and business due diligence and the satisfaction of all the Conditions Precedent set forth in Schedule A attached hereto[,]" which included, among other requirements, the existence of "[m]inimum excess availability (including cash) at close[ing] to be $1,500,000 [or $900,000 in the case of the April 20, 2007 Commitment Letter Agreement] without any deterioration of working capital." (The Agreements, at p. 1.)

46.     Defendant Harvey failed to satisfy the conditions precedent required of it under the Agreements so as to give rise to any obligation by Plaintiff New Stream to perform.

47.     Accordingly, Defendant Harvey's First Counterclaim, for breach of contract, is barred.

### Eleventh Affirmative Defense

48.     The relief sought by Defendant Harvey in its First Counterclaim is barred by its own breaches of the Agreements.

### Twelfth Affirmative Defense

49.     The Agreements are valid, enforceable contracts.

50. The Agreements encompass the subject matter of Harvey's Second Counterclaim for unjust enrichment.

51. Plaintiff New Stream was never enriched unjustly as a result of the Agreements or of any conduct by the parties to this action.

52. Accordingly, Defendant Harvey's Second Counterclaim is barred.

### Thirteenth Affirmative Defense

53. Plaintiff New Stream provided services and benefits to Defendant Harvey worth in excess of $175,000.00.

54. Accordingly, Defendant Harvey's Second Counterclaim, for unjust enrichment, is barred.

### Fourteenth Affirmative Defense

55. Defendant Harvey's Third Counterclaim fails to plead fraud with the specificity required by Fed. R. Civ. P. Rule 9(b).

56. Even if permitted to replead, Defendant Harvey could not meet the specificity requirements of Fed. R. Civ. P. Rule 9(b) because Plaintiff New Stream did not engage in any fraudulent or deceitful acts in relation to Defendant Harvey.

### Fifteenth Affirmative Defense

57. Defendant Harvey's Third Counterclaim, for fraud, fails because it is duplicative of Defendant Harvey's First Counterclaim, for breach of contract.

### Sixteenth Affirmative Defense

58. Defendant Harvey's Third Counterclaim, for fraud, fails because it is duplicative of Defendant Harvey's Fourth Counterclaim, for anticipatory breach.

### Seventeenth Affirmative Defense

59. Defendant Harvey fails to allege, as required under applicable law, that Plaintiff New Stream repudiated a duty to provide financing to Defendant Harvey under the Agreements.

60. Accordingly, Defendant Harvey's Fourth Counterclaim, for anticipatory breach, is barred.

### Eighteenth Affirmative Defense

61. Any obligation to provide financing to Defendant Harvey under the Agreements was subject to terms and conditions, which were never met, specified in the Agreements.

62. The Agreements expressly obligated Defendant Harvey to reimburse and pay Plaintiff New Stream for the fees and expenses sought in the Complaint regardless of whether the financing transaction contemplated in the Agreements was ever consummated.

63. Accordingly, Defendant Harvey's Fourth Counterclaim, for anticipatory breach, is barred.

### Nineteenth Affirmative Defense

64. Neither of the Agreements provides for the recovery of attorneys' fees by Defendant Harvey.

65. Accordingly, Defendant Harvey's purported "Fifth Counterclaim" (which is referred to only in the Answer's *ad damnum* and is not denominated as a separate counterclaim), to the extent it seeks "reasonable attorneys' fees," is barred.

### Twentieth Affirmative Defense

66. Defendant Harvey fails to allege the fact or amount of any attorney's fees incurred in connection with the Agreements.

67. Accordingly, Defendant Harvey's purported "Fifth Counterclaim" (which is referred to only in the Answer's *ad damnum* and is not denominated as a separate counterclaim), to the extent it seeks "reasonable attorneys' fees," is barred.

### Twenty-First Affirmative Defense

68. Any damages suffered by the Defendant Harvey were a direct result of its own culpable conduct.

**WHEREFORE**, Plaintiff requests that the Counterclaims be dismissed in their entirety and that the Court grant Plaintiff the relief requested in its Complaint and award Plaintiff other relief as the Court may deem proper.

Dated: New York, New York
December 10, 2007

HAHN & HESSEN LLP
Attorneys for Plaintiff

By: _____
Steven J. Mandelsberg, Esq.
Member of the Firm

488 Madison Avenue
New York, New York 10022
(212) 478-7200